IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CUPP CYBERSECURITY, LLC, <br> a Delaware Limited Liability Company, <br> and CUPP COMPUTING AS, <br> a Norwegian Corporation, <br><br> Plaintiffs, <br> v. <br><br> GEN DIGITAL INC. f/k/a <br> NORTONLIFELOCK INC., <br> a Delaware Corporation, <br><br> Defendant. | C.A. No. 24-202-CJB |

## JOINT LETTER PURSUANT TO ORAL ORDER (D.I. 138)

Pursuant to the Court's Oral Order (D.I. 138) and April 22, 2024 Docket Entry, Plaintiffs CUPP Cybersecurity, LLC and CUPP Computing AS (collectively, "Plaintiffs" or "CUPP") and Defendant Gen Digital Inc. ("Gen Digital") submit this Joint Letter in advance of the Court's Scheduling Conference.

## Description of the Case

CUPP filed a patent infringement case against Symantec Corporation on June 14, 2018, in the United States District Court in the Northern District of Texas. *CUPP Security LLC, et. al v. Symantec Corp.*, Case No. 3:18-cv-01554, D.I. 1, (N.D. Tex. June 14, 2018). CUPP alleges infringement of U.S. Patent Nos. alleging infringement of U.S. Patent Nos. 8,365,272 (the "'272 Patent"), 8,631,488 (the "'488 Patent"), 8,789,202 (the "'202 Patent"), 9,106,683 (the "'683 Patent"), 9,747,444 (the "'444 Patent"), 9,756,079 (the "'079 Patent"), 9,781,164 (the "'164 Patent"), and 9,843,595 (the "'595 Patent"). Id. The Asserted Patents generally relate to computer security for portable devices. CUPP has accused Symantec's Endpoint Security Products, Endpoint Encryption Products, and Network Security Products. D.I. 1. CUPP has also accused products under the "Norton" brand, including, e.g., Norton Security Standard, Norton Security Deluxe, Norton Security Premium, Norton for Small Business, and Norton Mobile Security. D.I. 1. Symantec filed a motion to dismiss for improper venue. *Id.*, D.I. 53. The case was subsequently transferred to the District Court in the Northern District of California on January 16, 2019 with the court granting Symantec's motion to dismiss. *Id.*, DI. 53.

After the case was transferred to California, CUPP filed an Amended Complaint on February 13, 2019. *CUPP Security LLC, et. al v. Symantec Corp.*, Case No. 3:19-cv-00298, D.I. 64 (N.D. Cal. Feb. 13, 2019). The Amended Complaint added an infringement claim for U.S. Patent No. 10,084,799 (the "'799 Patent") (collectively, with the previously asserted patents, the "Patents-in-Suit"). On September 18, 2019, the Court granted the parties' stipulation to stay this action

pending the outcome of *Inter Partes Review* ("IPR") proceedings on seven of the nine Patents-in-Suit.[1] The Court lifted the stay on October 13, 2023 following the completion of those proceedings and, on February 13, 2024, the California Court granted CUPP's unopposed motion to transfer the case to this district. D.I. 112; D.I. 125.

**Parties' Position Regarding Disputes in the Proposed Scheduling Order**

The parties have not yet reached an agreement with the Proposed Scheduling Order. The parties have submitted a stipulation in a separate filing to extend time to further discuss and prepare the Proposed Scheduling Order.

**Three Most Significant Checklist Topics Discussed**

**Item 1: Amendment to the Pleadings**

The parties discussed CUPP's request to assert previously unasserted patents and/or claims. The parties did not agree on whether the addition will be through the amended pleading or by filing a new case.

CUPP's Position: Defendant's corporate entity has gone through many transformations in the past few years from Symantec Corp. to Norton Lifelock and subsequently to Gen Digital, which is a conglomerate of security brands such as Avast, AVG, and Avira. These changes in corporate structure resulted in the Defendant acquiring infringing security products that were not previously part of the case. CUPP has proposed that it amend the current complaint to add the additional products it has acquired and also to allow it to include patents that were issued after filing the original complaint against Symantec. Alternatively, CUPP will file a new complaint with these allegations.

Gen Digital's Position: Gen Digital is willing to permit CUPP to amend its infringement contentions to accuse new products of infringing the patent claims that it has previously asserted in this litigation. Gen Digital is considering CUPP's proposal to add new patents and products to this litigation as opposed to filing a new complaint, and anticipates meeting and conferring further on this. At a minimum, however, newly asserted patents should not relate back to the date of the original complaint, as that would allow CUPP to double the damages period for previously unasserted patents simply because the case was stayed. Gen Digital also does not agree that CUPP should be permitted to assert previously unasserted claims of the nine asserted patents. When CUPP disclosed its asserted claims, it knew which claims had been challenged in IPR proceedings and chose to proceed knowing the risk that those claims would be invalidated. D.I. 92 at 2. It

---

[1] The PTAB found the following patents to be unpatentable: '272 Patent, Claims 1, 16; '488 Patent, Claims 1-3, 5-6, 9-12, 14-15, 18-20; '683 Patent, Claims 1-3, 5-6, 9-12, 14-15, 18-20; '079 Patent, Claims 1, 7; '164 Patent, Claims 1-7, 9-16, 18; and '595 Patent, Claims 1, 9, 11, 13-14, 16, 24, 26, 28-29. *See* D.I. 108, 111. Furthermore, the district court in the Trend Micro case found claim 11 of the '202 Patent lacked written description. *CUPP Cybersecurity LLC et al., v. Trend Micro Inc., et. al.*, Case No. 3:18-cv-01251-M, D.I. 329 at 33-38 (N.D. Tex. Jan. 18, 2023).

should not now be able to change its mind, at considerable litigation burden on Gen Digital, merely because it is unhappy with the outcome of the IPR proceedings.

**Item 2: Case Narrowing Process**

CUPP's Position: CUPP agrees that case narrowing would be beneficial and proposes narrowing the asserted claims to 40 in its initial infringement contentions and further to 25 with the final infringement contention. CUPP further proposes that the alleged prior art be narrowed to 20 in its initial invalidity contentions and further to 10 with the final invalidity contention. These limits are appropriate, given the complexity of the case. CUPP disagrees that the limitations on contentions set before the transfer are appropriate, given that is not the standard procedure in this Court and several independently developed product lines are likely to be added to the case.

Gen Digital Position: Gen agrees that the narrowing would be beneficial. Consistent with the parties' agreement in the Northern District of California, however, Gen Digital believes that both the number of claims/prior art references as well as infringement and invalidity contentions should be limited. D.I. 75 at 9-10. Doing so will help crystalize issues early in this case and avoid the significant drain on judicial and party resources that is commonly caused by vague, non-limiting contentions. *See, e.g.*, *Finjan, Inc. v. Check Point Software Techs, Inc. et al.*, 18-cv-2621-WHO, D.I. 255, 1 (N.D. Cal. Jan. 17, 2020) (striking infringement contentions after repeated motion practice and appointing special master).

**Item 3: Discovery Limitations**

CUPP's Position: If CUPP's amended pleadings are allowed, CUPP proposes a deposition time of 100 hours for fact discovery and 30 interrogatory requests to address the patents and products in the case. This is an increase in the discovery allowed in the case from what was set before the case was transferred, which is warranted given its increased complexity.

Gen Digital's Position: As a baseline, CUPP should be held to the discovery limits it agreed to in the Northern District of California. *See* D.I. 115 at 11. Minor changes may be appropriate if the Court allows CUPP to assert previously unasserted patents and/or claims, but discussion of increasing discovery limits under those circumstances is premature.

Dated: May 22, 2024

| POTTER ANDERSON & CORROON LLP | SHAW KELLER LLP |
|---|---|
| By: */s/ Philip A. Rovner*<br>    Philip A. Rovner (#3215)<br>    Nicole K. Pedi (#6236)<br>    Hercules Plaza<br>    P.O. Box 951<br>    Wilmington, DE  19899<br>    (302) 984-6000<br>    provner@potteranderson.com<br>    npedi@potteranderson.com<br><br>*Attorneys for Plaintiffs*<br>*CUPP Cybersecurity, LLC*<br>*and CUPP Computing AS* | By: */s/ Karen E. Keller*<br>    Karen E. Keller (No. 4489)<br>    I.M. Pei Building<br>    1105 North Market Street, 12th Floor<br>    Wilmington, DE 19801<br>    (302) 298-0700<br>    kkeller@shawkeller.com<br><br>*Attorneys for Defendant Gen Digital Inc.*<br>*f/k/a NortonLifeLock Inc.* |